## KAH, Guardianship of In Re.

Ohio Appeals, Second District, Shelby County.

No. 132.   Decided December, 1943.

H. H. Needles, Sidney, and E. J. Garmhausen, Sidney, for Harland E. Kah, Administrator of the estate of E. E. Kah, deceased.

Frank H. Marshall, Sidney, for Sam J. Hetzler, Guardian.

## OPINION

BY THE COURT:

Submitted on motion of Sam J. Hetzler, Guardian, to dismiss the purported appeal for five assigned reasons, and in the alternative, if the first branch of the motion should be overruled, that the appeal on questions of law and fact be dismissed and that it proceed as an appeal on questions of law.

The five grounds assigned in the first branch of the motion are all to the effect that the appellant, Harland E. Kah, adminstrator de bonis non with the will annexed of the estate of E. E. Kah, deceased, is not affected by the order complained of in any manner which would support his right to appeal.

We are in agreement with the claim of the guardian. The order to which the appeal is directed is embodied in an entry

in the Probate Court allowing and confirming the "third account for account No. 2 of the guardian of Carrie A. Kah". The entry recites that no exception had been filed thereto and no one appeared to except or object to the account as filed. After the formal approval, allowance and confirmation of the account, the entry continues:

"The court further finds that the expenditures made herein by said guardian were for the care, maintenance and support of his ward, Carrie A. Kah, and said expenditures were made from her personal funds, and it is therefore ordered that said guardian proceed to recover and to have returned to his ward's estate from the E. E. Kah estate, said funds and expenditures herein made for her care, maintenance and support as the court heretofore decreed and ordered in the will construction case in the E. E. Kah estate, that all expenditures for the care, maintenance and support of Carrie A. Kah were to come from the E. E. Kah estate and that said ward should not be required to use any of her personal funds for these purposes."

Much of the quoted matter in the entry is but a restatement of an order made by the Probate Court in another proceeding wherein the will of E. E. Kah, deceased, was construed and the trustee given instructions in certain designated particulars. That part which directs the guardian to recover funds and expenditures made by him for the care of his ward from the E. E. Kah estate merely operates upon the guardian and does not prejudice in any particular the rights of the administrator de bonis non. The order is in no sense a final determination or judgment of any of the legal rights of the administrator de bonis non. He is not a party to the accounting of the guardian and when, and if, he is sued by the guardian under the instructions of the court he will have full right and authority to assert any defense which he may have to such action.

The first branch of the motion to dismiss the appeal will be sustained and because of this action it will not be necessary to consider the second branch of the motion.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.